UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW OLSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:15-cv-00744-SGC |
| ) | |
| BIRMINGHAM HEALTH CARE, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the court on the United States' Motion to Substitute Defendants and to Dismiss the Complaint for Lack of Subject Matter Jurisdiction. (Doc. 10). The court has also considered Plaintiff's Response and the United States' Reply. (Docs. 16, 17). The parties have consented to Magistrate Judge Jurisdiction. (Doc. 4). For the reasons set out below, the court grants the motion and will dismiss this case without prejudice.

**I.     Background and Procedural History**

This case began as a medical malpractice suit in state court. The United States removed the case and seeks to be substituted for the named defendants, Birmingham Health Care, Inc. ("BHC"), and Nancy Sawyer, M.D., pursuant to the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. §

233, and upon substitution, to have the case dismissed for lack of subject matter jurisdiction. The government argues that under the FSHCAA, section 233(a), this case must proceed as if it were a suit brought under 28 U.S.C. § 1346(b) and § 2672 (the Federal Tort Claims Act ("FTCA")), which requires administrative exhaustion before a claim can be heard in district court. (Doc. 10 at 6).

Plaintiff filed this lawsuit in Jefferson County Circuit Court on June 17, 2014. (Doc. 1-1); *see also* Complaint, 01-CV-2014-902534 (Jefferson County Cir. Ct. June 17, 2014). The complaint names as defendants Birmingham Health Care, Inc.; Birmingham Health Care Services[1]; Nancy J. Sawyer, M.D.; and various fictitious parties. (Doc. 1-1). Birmingham Health Care, Inc. answered on July 21, 2014. (Doc. 1-2). Plaintiff filed an amended complaint (Doc. 1-4) on December 9, 2014, alleging medical negligence against the corporate and individual defendants, which defendant Birmingham Health Care, Inc. answered on December 22, 2014 (Doc. 1-5). Defendant Nancy Sawyer, M.D., filed an answer on February 26, 2015. (Doc. 1-7).

On May 1, 2015, the United States filed a Certification of Scope of Employment Pursuant to 42 U.S.C. § 233(c) (Doc. 1-8), signed by James G. Tuohey, Jr., Director of the Torts Branch, Civil Division, U.S. Department of Justice, as an attachment to the Notice of Removal (Doc. 1). Mr. Tuohey asserts

---

[1] On the motion of Birmingham Health Care, Inc., and without objection by Plaintiff, the court entered an order dropping Birmingham Health Care Services on June 16, 2016. (Dkt. 19; *see also* Doc. 18).

that he is the designee of the Secretary of Health and Human Services for purposes of the FSCHAA. (Doc. 1-8). The certification is dated April 29, 2015, and it states that Birmingham Health Care, Inc. and Dr. Sawyer were, at the time of the alleged incident, deemed by the Secretary of Health and Human Services to be employees of the Public Health Service pursuant to 42 U.S.C. § 233(g). (*Id.*; *see also* Doc. 10-2 at 3-4, Declaration of Meredith Torres).

In state court on May 5, 2015, the United States filed a document styled "Notice to State Court of Removal." *See* Notice of Removal, 01-CV-2014-902534 (Jefferson County Cir. Ct. May 5, 2015). The state court notice is signed by the attorney of record for the United States in this action, Ms. Taheerah El-Amin with the Department of Justice. It refers to the federally filed notice and also indicates that the Tuohey certification was filed in state court. Mr. Tuohey's certification does not appear in the online state court record. Nevertheless, the Notice to State Court of Removal does point to Mr. Tuohey's certification, which had already been executed and made public in federal court.

## II. "Deeming" by the Attorney General and Removal to Federal Court

The FSHCAA protects certain health care providers supported by the federal government by extending to them the same immunity protections enjoyed by federal agencies. *See* 42 U.S.C. § 233. The statute accomplishes this by making the FTCA's remedy against the United States the sole remedy for medical

malpractice that is available against an employee or contractor of the Public Health Service. 42 U.S.C. § 233(a). This includes the right of removal to federal court and the administrative exhaustion requirements of the FTCA.

Where a plaintiff has sued such a provider in state court, the FSCHAA provides two alternative avenues for removal. One is found in § 233(c) and the other in § 233(l). Section 233(c) provides that once the Attorney General has certified that the defendant was "deemed" a federal employee acting in the scope of her employment, the case "shall be removed" to federal court "at any time before trial." 42 U.S.C. § 233(c). When the Attorney General fails to make a certification under section 233(c), section 233(l) provides a mechanism for the defendants to remove the case, and the district court is required to hold a hearing to "make a determination, as to the appropriate forum or procedure for the assertion of the claim. . . ." 42 U.S.C. § 233(l)(2).

Plaintiff points to subsection (l) and argues that it is "unclear" whether the Attorney General has met the procedural requirements of the statute. (Doc. 16 at 5, n. 1). Noting subsection (l)'s requirement that the Attorney General appear within fifteen days of receiving notice of the state court action, Plaintiff implies that this may amount to a time bar against removal. *Id.* ("The timing of the removal alone calls this requirement into question. Different courts have treated this subsection in different ways."). The United States responds that because they proceed under

section 233(c), their alleged noncompliance with section 233(l) is irrelevant.  (Doc. 17 at 8-9).

The two sections at issue provide alternate procedures depending on circumstances:  one by which the government can initiate removal, and another by which the defendants may assert their federal employee status proactively in the absence of action by the Attorney General on their behalf.  As another district court has noted:

> There is nothing in the plain language of the statute indicating that the time limit contained in 42 U.S.C. § 233(l)(1) controls the timing of the Attorney General's certification and removal process under Section 233(c).  To the contrary, the plain language of Section 233(l) indicates that the "advisory" appearance by the Attorney General is only *one* means by which the Attorney General can effect a certification.

*Celestine v. Mount Vernon Neighborhood Health Center,* 289 F. Supp. 2d 392, 397 (S.D.N.Y. 2003).  Although the court cannot determine from the online records of the Jefferson County Circuit Court whether Mr. Tuohey's certification was ever actually filed in state court, this does not appear to be a requirement of § 233(c). As noted above, the certification had already been executed and filed in this court by the time the notice was filed in state court, and the state court filing pointed to the certification, as well as to § 233(c).  This court finds that the certification was therefore effective pursuant to 42 U.S.C. § 233(c).

**III.     Subject Matter Jurisdiction**

Plaintiff attempts to proceed in this action under an FTCA claim by arguing judicial estoppel.  He asserts the government was on notice that a claim was being filed against BHC and Dr. Sawyer by virtue of a demand letter, and thus the case should be dismissed without prejudice or, alternatively, the court should permit the action to continue as an FTCA suit against the government.  Plaintiff points to the savings provision of the FTCA to support this contention and argues that the court should toll the FTCA's limitation period to allow him to proceed.  (Doc. 16 at 8-11).

The FTCA is codified at two places in Title 28 of the United States Code.  28 U.S.C. § 1346 addresses the jurisdiction of the district courts to hear tort cases brought against the United States – cases from which the United States would be immune from suit, except for the FTCA's limited waiver of sovereign immunity.  Subsection 1346(b)(1) provides that the jurisdiction for cases brought pursuant to the FTCA are "subject to the provisions of chapter 171 of this title. . . ."  Title 28, chapter 171 sets forth the procedures for FTCA cases.  *See* 28 U.S.C. § 2670 *et seq.*

Section 2679(d)(1) provides for substitution of the United States as a defendant upon the Attorney General's certification that the named defendant was acting within the scope of his employment.  Section 2679(d)(5) addresses the

instant situation, where "an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure to present a claim" pursuant to the FTCA.  This section treats an otherwise time-barred FTCA claim as timely presented if: (1) the claim would have been timely filed if it had been filed on the date the underlying action was commenced; and (2) the claim is presented to the appropriate federal agency within 60 days after the dismissal of the civil action.  Plaintiff may well be correct about the tolling issue, but that is not for this court to decide.  Plaintiff must bring this suit under the FTCA, and he is barred from doing so unless he exhausts his administrative remedies.

Plaintiff also attempts to characterize a demand letter as a claim under the FTCA.  It does appear Plaintiff sent a letter to Birmingham Health Care on May 6, 2013, outlining the conduct alleged and seeking to open settlement discussions. (Doc. 16 at 13, Exhibit A).  But this letter does not amount to a claim for FTCA purposes in that it does not appear to have been filed with the appropriate agency (in this case, Health and Human Services), and it does not make a demand for a sum certain.  *See* 28 C.F.R. § 14.2(a); *see also Dalrymple v. United States,* 460 F.3d 1318 (11th Cir. 2006) (court may not exercise jurisdiction except where a claim has been filed within two years of accrual and is "accompanied by a claim

for money damages in a sum certain"). As such, the demand letter cannot be considered a claim under the FTCA.

Because the government has properly sought to substitute itself for the named defendants in this action, Plaintiff's claims are against the United States, and he must sue under the FTCA. Having failed to file an administrative claim, Plaintiff has not exhausted his administrative remedies. The government has not waived immunity, and this court therefore lacks subject matter jurisdiction to decide the merits of any further arguments made under the instant complaint.

For all of the foregoing reasons, the United States is **SUBSTITUTED** for all of the named defendants in this action. This case will be dismissed without prejudice by separate order.

**DONE** this 16th day of June, 2016.

STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE